AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| EZEQUIEL ORTIZ-SERDA | ) | |
| | ) | 2:25-mj-01140-KCD |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___May 29, 2025___ in the county of ___Charlotte___ in the ___Middle___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Illegal Reentry after Deportation |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

/s/ David W. Strange
_____
_Complainant's signature_

BPA, David W. Strange, United States Border Patrol
_____
_Printed name and title_

Sworn to before me over the telephone or other reliable electronic means and signed by me
pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: ___05/30/2025___

_Kyle C. Dudek_
_____
_Judge's signature_

City and state: ___Fort Myers, Florida___

Kyle C. Dudek, United States Magistrate Judge
_____
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, David W. Strange, being duly sworn, hereby depose and state as follows:

1.    I am a United States Border Patrol Agent and have been so employed since June 15, 1998.

2.    In my capacity as a Border Patrol Agent, I am charged with enforcing U.S. immigration laws, both administrative and criminal.  I am a federal law enforcement officer with the authority to execute arrest warrants and search warrants under the authority of the United States.

3.    This affidavit is submitted in support of a criminal complaint.  The statements contained in this affidavit are based on my personal experiences and observations as well as those of other law-enforcement officers.  This affidavit does not contain every fact known to me relating to the investigation, but rather sets out only the facts that I believe are necessary to establish probable cause to believe that **Ezequiel ORTIZ-Serda** is an alien voluntarily in the United States after removal without permission from the Attorney General or Secretary of Homeland Security, in violation of 8 U.S.C. § 1326(a).

## FACTS AND CIRCUMSTANCES

4.    On May 29, 2025, Charlotte County Deputy Peter DiPiazza stopped a 1997 blue Buick LeSabre for a window-tint violation.  Deputy DiPiazza asked for identification from all three occupants.  The rear passenger, **Ezequiel ORTIZ-Serda**, provided a photo of his Mexican passport biographical page.  I ran that name and date

of birth through several law-enforcement databases and found that name and date of birth was associated with an assigned Alien Registration Number 205 850 696 showing two removals from the United States in 2013 and 2023.

5.      I arrived at the traffic stop and interviewed **ORTIZ-Serda**.  I identified myself as a Border Patrol Agent.  I asked **ORTIZ-Serda** where he was from, and he stated "Mexico."  I asked him if he had any immigration documents allowing him to remain in the United States legally, and he stated "No."  I fingerprinted **ORTIZ-Serda**.  An automated fingerprint identification and matching system (IDENT) created by the Department of Homeland Security's Office of Biometric Identity Management indicated that **ORTIZ-Serda's** fingerprints matched those associated with the individual assigned alien registration number 205 850 696 who had been deported in 2013 and 2023.

6.      After fingerprinting **ORTIZ-Serda**, I read him his *Miranda* rights in English; I asked **ORTIZ-Serda** if he understood his rights, and he stated that he did.  I showed **ORTIZ-Serda** a photo from IDENT from his 2023 removal.  I asked **ORTIZ-Serda** who the person in the photo was, and he stated that it was him.  I asked **ORTIZ-Serda** if he had been removed from the United States in 2023, and he stated, "Yes."  I showed **ORTIZ-Serda** a photo from IDENT from his 2013 removal.  I asked **ORTIZ-Serda** who the person in the photo was, and he stated that it was him.  I asked **ORTIZ-Serda** if he was removed from the United States in 2013, and he stated, "Yes."  I asked **ORTIZ-Serda** if he entered the United States voluntarily, and he stated, "Yes."

I asked if he entered illegally, and he stated, "Yes." I reminded **ORTIZ-Serda** that he needed permission from the Attorney General or DHS Secretary to re-enter the United States. I asked **ORTIZ-Serda** if he had ever sought the permission, and he stated, "No."

7.    On May 29, 2025, I conducted a search of government databases and found no record showing that **ORTIZ-Serda** had ever requested or received permission from the Attorney General, the Secretary of Homeland Security, or any other immigration official to reenter the United States after her deportation. If **ORTIZ-Serda** had sought or received such permission, a record of such would have been present in the databases searched.

## CONCLUSION

8.    Based on the foregoing facts, I respectfully submit that there is probable cause to believe that **Ezequiel ORTIZ-Serda** is an alien found voluntarily in the United States after removal without having obtained permission from the Attorney General or Secretary of Homeland Security to reapply for admission, in violation of 8 U.S.C. § 1326(a).

_/s/ David W. Strange_
David W. Strange
United States Border Patrol

Sworn to and subscribed to me via telephone on
this __30__ day of May, 2025, in Fort Myers, Florida.

_Kyle C. Dudek_
Kyle C. Dudek
United States Magistrate Judge